UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

ISAAC MEJIAS,

       Plaintiff,

v.

CAPITAL SCRAP METAL, LLC,
STEVEN HELLER,

       Defendants.
_____/

# **COMPLAINT**
*{Jury Trial Demanded}*

Plaintiff, ISAAC MEJIAS, brings this action against Defendants, CAPITAL SCRAP METAL, LLC and STEVEN HELLER, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 201 et seq., and alleges as follows:

1. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2. At all times material hereto, Plaintiff ISAAC MEJIAS was a resident of the State of Florida and an "employee" of Defendants as defined by the FLSA.

3. At all times material hereto, Plaintiff engaged in interstate commerce on a regular and recurring basis within the meaning of the FLSA including but not limited to interstate telephone communications.

4. At all times material hereto, Defendant, CAPITAL SCRAP METAL, LLC, was a Florida corporation with its principal place of business in Broward County, Florida, engaged in commerce in the field of scrap metal recycling, at all times material hereto was the "employer" of Plaintiff as that term is defined under statutes referenced herein, engaged along with its employees in interstate commerce, and has annual gross sales and/or business volume of $500,000 or more.

1

5.     Defendant CAPITAL SCRAP METAL, LLC's customers include governments, manufacturers, and individuals including those located outside Florida.

6.     Defendant, STEVEN HELLER, is a resident of Palm Beach County, Florida and was, and now is, the managing agent, director and owner of Defendant, CAPITAL SCRAP METAL, LLC; said Defendant acted and acts directly in the interests of Defendant, CAPITAL SCRAP METAL, LLC, in relation to said co-Defendant's employees. Defendant effectively dominates CAPITAL SCRAP METAL, LLC administratively and otherwise acts on behalf of the corporation relative to its employees and had the authority to direct and control the work of others. Thus, STEVEN HELLER was and is an "employer" of the Plaintiff within the meaning of 29 U.S.C. §203(d).

7.     Defendant Steven Heller had control over Plaintiff's pay, schedule, and had hiring and firing authority over Plaintiff.

8.     Defendants employed Plaintiff as a scale operator.

9.     Defendants failed to pay Plaintiff the full and proper overtime wages of 1.5 times Plaintiff's regular hourly rate for all hours worked over 40 each week.

10.    Attached as <u>Exhibit A</u> is Plaintiff's Statement of Claim. Plaintiff's Statement of Claim outlines the period of Plaintiff's claim, the average weekly hours worked and paid, Plaintiff's regular hourly rate, and the total unpaid overtime wages claimed. These amounts are averages, estimates, and/or approximates and may change as information is uncovered through the discovery process.

11.    Defendants have knowingly and willfully refused to pay Plaintiff his legally-entitled wages by refusing to pay Plaintiff his full overtime wages including for entire hours of overtime that Plaintiff worked.

12.     Plaintiff has complied with all conditions precedent to bringing this suit, or same have been waived or abandoned.

13.     Plaintiff has retained the services of the undersigned and is obligated to pay for the legal services provided.

## COUNT I
## VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")
## ALL DEFENDANTS

14.     Plaintiff realleges and incorporates the allegations set forth in paragraphs 1-13 above as if set forth herein in full.

15.     Plaintiff alleges this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 216 (b), that Plaintiff is entitled to: (i) time-and-a-half overtime pay and (ii) liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

16.     Plaintiff seek recovery of damages as referenced above and further seek interest, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, plus costs, reasonable attorneys' fees, and such other remedy as the court deems just and appropriate.

Respectfully submitted,

Koz Law, P.A.
320 S.E. 9th Street
Fort Lauderdale, Florida 33316
Phone: (786) 924-9929
Fax:    (786) 358-6071
Email: ekoz@kozlawfirm.com

_____
Elliot Kozolchyk, Esquire
Bar No.: 74791